Nos. 25-1555 through 25-1578; 25-1580 through 25-1593; 25-1676; and 25-1677
(Consolidated)

# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

ATLAS DATA PRIVACY CORP., *As Assignee of Individuals Who Are Covered Persons*; JANE DOE 1, *a Law Enforcement Officer*; JANE DOE 2, *a Law Enforcement Officer*; EDWIN MALDONADO; SCOTT MALONEY; JUSTYNA MALONEY; PATRICK COLLIGAN; PETER ANDREYEV; AND WILLIAM SULLIVAN,

              PLAINTIFFS-APPELLEES,

*v.*

WE INFORM LLC, ET AL.

              DEFENDANTS-APPELLANTS.

On Appeal from the United States District Court
For the District of New Jersey, Camden Division
The Honorable Harvey Bartle III

**MOTION TO PROCEED ANONYMOUSLY**

*Attorneys for Plaintiffs-Appellees*

| | |
|---|---|
| **PEM LAW LLP**<br>Rajiv D. Parikh<br>Kathleen Barnett Einhorn<br>Jessica A. Merejo<br>One Boland Drive, Suite 101<br>West Orange, New Jersey 07052<br>Telephone: (973) 577-5500<br>Emails: rparikh@pemlawfirm.com<br>         keinhorn@pemlawfirm.com<br>         jmerejo@pemlawfirm.com | **BOIES SCHILLER FLEXNER LLP**<br>Adam Shaw<br>30 South Pearl Street, 12th Floor<br>Albany, New York 12207<br>Telephone: (518) 434-0600<br>Email: ashaw@bsfllp.com<br><br>Mark C. Mao<br>44 Montgomery Street, 41st Floor<br>San Francisco, California 94104<br>Telephone: (415) 293-6800<br>Email: mmao@bsfllp.com<br><br>Eric Palmer<br>401 E. Las Olas Blvd., Suite 1200<br>Fort Lauderdale, Florida 33301<br>Telephone: (954) 377-4250<br>Email: epalmer@bsfllp.com<br><br>Sam Parrish<br>2029 Century Park East Suite 1520<br>Los Angeles, CA 90067<br>Telephone: (213) 995-5715<br>Email: sparrish@bsfllp.com<br><br>**MORGAN & MORGAN COMPLEX LITIGATION GROUP**<br>Ryan J. McGee (application for admission to be filed)<br>John A. Yanchunis (application for admission to be filed)<br>201 N. Franklin Street, 7th Floor<br>Tampa, Florida 33602<br>Telephone: (813) 223-5505<br>Email: rmcgee@forthepeople.com<br>         jyanchunis@forthepeople.com |

## **INTRODUCTION**

Plaintiff-Appellee Jane Doe-2 submits this Motion to Proceed Anonymously in response to the Court's Orders dated April 1, 2025, directing Plaintiffs Jane Doe-1 and Jane Doe-2 to (1) provide a copy of the state- or district-court order granting them the right to proceed anonymously or (2) file a motion asking this Court for that relief; and April 22, 2025, suggesting Jane Doe-2 move to proceed anonymously to protect her anonymity after withdrawal. Jane Doe-2 no longer wishes to be involved in this litigation, and Appellees' counsel plans to move for her dismissal as a party in this Court and the United States District Court for the District of New Jersey. Jane Doe-2 has not been granted formal permission to proceed anonymously. But Defendant-Appellants have never expressed any opposition to her doing so, and Jane Doe-2 is willing to make her name available to Defendants on a confidential basis. Jane Doe-2 respectfully requests that this Court permit her to preserve her anonymity after withdrawal.

Maintaining her anonymity is critical for Jane Doe-2. These suits focus on how Defendants continue to publish the home addresses and telephone numbers of many law enforcement officers, judges, and prosecutors, in violation of Daniel's Law. As detailed below, Jane Doe-2 received a death threat from a hostile inmate at the correctional facility where she works. Requiring Jane Doe-2 to reveal her real

1

name will result in public attention directed at Jane Doe-2 that will increase the risk of physical harm for her and her family.

## BACKGROUND

These cases arise under Daniel's Law, a New Jersey statute that confers rights on law enforcement, judges, prosecutors, and their family members to prevent the disclosure of their home addresses and unpublished home telephone numbers. N.J.S.A. 56:8-166.1. Judges, law enforcement officers, and prosecutors put their lives on the line every day, putting themselves and their families at risk, and Daniel's Law provides them with a mechanism to protect themselves and their families from risks that arise from widespread access to their personal contact information. Compl. ¶¶ 13–14.[1]

For Jane Doe-2, these risks have already materialized in the past. As detailed in the Complaint, Officer Jane Doe-2 is a veteran correctional police officer who lives with her husband and two young children. *Id.* ¶ 16. Earlier in her career, Officer Doe-2 was the subject of a death threat from a hostile inmate. *Id.* The inmate stated that they intended to kill Officer Doe-2 and implied that they would rely upon a particular private investigator to track down Officer Doe-2's home address to

---

[1] All docket citations are to the Complaint filed against Defendant Whitepages, Inc., et al. (hereafter, "Compl."), Ex. 1, and to the docket in *Atlas Data Privacy Corp. v. Whitepages Inc.*, No. 1:24-cv-25-1555-HB (D.N.J). All other relevant Complaints featuring Jane Doe-2 as a Plaintiff are materially the same for purposes of this Motion.

facilitate the murder. *Id.* This death threat was investigated and found credible enough to result in a successful criminal prosecution. *Id.* Part of Officer Doe-2's current duties include working in her correctional facility's law library, where inmates have access to the Internet, including online data broker websites and services. *Id.* Recently, Officer Doe-2 and her coworkers discovered a note left behind by an inmate which included the full name and home address of a young female member of the jail's administrative staff. *Id.* The most effective ways to safeguard the security and privacy of their home addresses—for their own safety and that of their family members—is a frequent topic of discussion and concern among the correctional police officers working at Officer Doe-2's facility. *Id.*

## **ARGUMENT**

Jane Doe-2 should be permitted to maintain her anonymity as she withdraws from this case and after withdrawal, as she has at every prior stage of these proceedings. Jane Doe-2 has a "reasonable fear of severe harm [that] outweighs the public's interest in open judicial proceedings." *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011). She has been subjected to credible threats of violence from a hostile inmate at the correctional facility where she works. Requiring Jane Doe-2 to reveal her name would create an obvious pathway to connect her with her current addresses, obtain additional information, and expose her to renewed risks of harm. By contrast, the public has no obvious interest in ascertaining the identity of Jane Doe-2—and if

3

anything, has an interest in protecting her privacy. Thus, there is no reason to require disclosure of Jane Doe-2's identity on appeal to this Court.

## I. Jane Doe-2 Has a Reasonable Fear of Severe Harm.

Jane Doe-2 has a plainly reasonable fear that disclosure of her identity would expose her to physical harm—the paradigmatic case for permitting a plaintiff to proceed anonymously. *B.L. v. Fetherman*, 2023 WL 1818402, at *4 (D.N.J. Feb. 8, 2023) ("[T]he legitimate threat of physical harm is the paradigmatic example of a circumstance that would warrant proceeding anonymously." (citing *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1044 (9th Cir. 2010))); *Doe v. Triangle Doughnuts, LLC*, 2020 WL 3425150, at *5 (E.D. Pa. June 23, 2020) ("[A]dditional threats or violent interactions" justify proceeding anonymously).

Jane Doe-2 faces a credible threat of violence by virtue of her work as an officer at a correctional facility with hostile inmates. One such inmate threatened to kill Officer Doe-2. Compl. ¶ 16. The inmate described their plans to do so, implying they would rely upon a particular private investigator to track down Officer Doe-2's home address to facilitate the murder. *Id.* This death threat was investigated and found credible enough to result in a successful criminal prosecution. *Id.* Disclosure of Jane Doe-2's identity to the public at large would call attention to her role in the prosecution, and evidence and public filings in these cases might include references

to her address or other information, which might encourage that inmate or any other who remains at large to attempt to physically harm Jane Doe-2 and her family. *Id.*

Officer Doe-2 faces an additional risk of harm because part of her current duties includes working in her correctional facility's law library, where inmates have access to the Internet. *Id.* There, the inmates have access to news about this case, as well as online data broker websites and services, while Officer Doe-2 is on duty in their presence. *Id.* This position poses risks that are not merely hypothetical; Officer Doe-2 and her coworkers recently discovered a note left behind by an inmate which included the full name and home address of a young female member of the jail's administrative staff. *Id.*

Jane Doe-2 thus has good reason to believe "[l]itigating publicly will. . . contribute further to the harm [she] alleges has already occurred." *Megless*, 954 F.3d at 410. Disclosing her name and participation in this litigation will draw public attention to the fact that her home address and phone number are disclosed on Defendants' websites. Compl. ¶¶ 28, 54, 60–63. Given her past exposure to credible threats to her safety—and the risk that the same individual might target her again—Jane Doe-2 has reasonable grounds to fear that this publicity will endanger her physical safety, even after she withdraws from this case. *See Doe v. Pennsylvania Dep't of Corr.*, 585 F. Supp. 3d 797, 805 (W.D. Pa. 2022) ("Doe's complaints of past harassment and threats are credible and, in and of themselves, raise a heighted risk

of future harassment and threats should Doe lose their anonymity.") (citation omitted); *Doe v. Univ. of Scranton*, 2020 WL 1244368, at *2 (M.D. Pa. Mar. 16, 2020) (reasonable fear existed where litigant previously experienced death threats following disclosure).

## II. The Private and Public Interest Factors Favor Anonymity

Jane Doe-2's interests in protecting her safety and privacy outweigh any countervailing public interest in ascertaining her identity. This Court has identified six factors that favor anonymity:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Megless*, 654 F.3d at 409 (quoting *Doe v. Provident Life & Acc. Ins. Co.*, 176 F.R.D. 464, 467-68 (E.D. Pa. 1997)). This Court has also identified three factors "disfavoring anonymity," namely:

> (1) The universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigants' identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseydonym by counsel, the public, or the press is illegitimately motivated.

*Id.* (quoting *Provident* Life, 176 F.R.D. 467-68). These factors uniformly favor allowing Jane Doe-2 to preserve her anonymity.

To begin, Jane Doe-2's identity has "been kept confidential" at every stage in proceedings below and was "not disclosed in any of the pleadings, motions, and/or exhibits in this action." *Doe v. Lund's Fisheries, Inc.*, 2020 WL 6749972, at *2 (D.N.J. Nov. 17, 2020); *Doe v. Oshrin*, 299 F.R.D. 100, 103 (D.N.J. 2014). There is no suggestion Jane Doe-2 has "illegitimate ulterior motives." *Megless*, 654 F.3d at 411. And as discussed, Jane Doe-2 reasonably fears that disclosure of her name and participation in this litigation will expose her to a risk of revictimization at the hands of the inmate who previously targeted her or new assailants. *Doe v. Trishul Consultancy, LLC*, 2019 WL 4750078, at *5 (D.N.J. Sept. 30, 2019) (recognizing "a strong interest in incentivizing plaintiffs to litigate their claims without threat of revictimization").

Conversely, Defendants have never objected to Jane Doe-2 proceeding anonymously, and there is no reason to believe Defendants will suffer any prejudice because Jane Doe-2 is willing to privately disclose her identity to enable Defendants to adequately litigate their claims. And far from militating against anonymity, the public interest *favors* "maintaining the confidentiality of the litigant's identity" here. *Megless*, 654 F.3d at 409 (quotation marks and citation omitted). In enacting Daniel's Law, the New Jersey Legislature determined that the public interest

7

required providing law enforcement, prosecutors, and judges with a way to protect their addresses and phone numbers from widespread public disclosure. Requiring disclosure of Jane Doe-2's name would defeat that purpose by advertising where her address and phone number are readily accessible online—on Defendants' websites. Moreover, if Jane Doe-2 is "forced to reveal. . . her name," other covered persons who face similar risks of having their name connected with their address or phone number through increased publicity will "be deterred from litigating claims that the public would like to have litigated." *Megless*, 654 F.3d at 410; *Doe v. Middlesex Count, New Jersey*, 2021 WL 130480, at *5 (D.N.J. Jan. 14, 2021) ("[P]rotecting [plaintiff's] identity will help ensure similarly situated plaintiffs are not dissuaded from pursuing their claims").

These cases also feature an "atypically weak public interest in knowing the litigants' identities" because of the predominantly "legal nature of the issues presented" in these appeals and in Daniel's Law cases generally. *Megless*, 654 F.3d at 409 (quotation marks and citation omitted). In these appeals, the only issue is whether Daniel's Law facially violates the First Amendment—a purely legal question for which "the individual facts and circumstances surrounding each [p]laintiff are not of central importance." *L.A. v. Hoffman*, 2015 WL 4461852, at *2 (D.N.J. July 21, 2015). And to establish their claims under Daniel's Law, Plaintiffs need only prove that Defendants disclosed their address and phone number more

8

than 10 days of receipt of a nondisclosure request, *see* N.J.S.A. 56:8-166:1(a), which typically implicates few issues of public significance. *Oshrin*, 299 F.R.D. at 104 (refusing to find a "public interest in ascertaining [p]laintiff's actual identity" because plaintiff's claims would only "require the Court to resolve primarily legal issues" and "address whether. . . [p]laintiff suffered specific damages.").

Finally, the factors "disfavoring anonymity" do not apply to these cases. *Megless*, 654 F.3d at 409. These cases do not involve any "particularly strong interest" in public disclosure of Jane Doe-2's identity, and neither Defendants nor "the public, or the press" have ever raised any "opposition" to Jane Doe-2 proceeding anonymously. *Id.* (quotation marks and citation omitted). "[E]ven if Plaintiff's actual identity remains confidential, these proceedings will remain public, thereby preserving any general public interest in the subject matter of this litigation." *Oshrin*, 299 F.R.D. at 104; *see also Provident Life*, 176 F.R.D. at 468 ("[U]se of a pseudonym [would] not interfere with the public's right or ability to follow the proceedings[,]" because "the proceedings" remained "open to the public"); *Doe v. Evans*, 202 F.R.D. 173, 176 (E.D. Pa. 2001) (permitting litigant to proceed anonymously when it would "not impede the public's ability to follow the proceedings"). Although there is a "universal interest in favor of open judicial proceedings," *Megless*, 654 F.3d at 411, that interest "exists in some respect in all litigation and does not outweigh the strength of the [other] factors." *Doe v. Hartford*

*Life & Acc. Ins. Co.*, 237 F.R.D. 545, 551 (D.N.J. 2006); *Lund's Fisheries*, 2020 WL 6749972, at *4 (same).

## CONCLUSION

For these reasons, Jane Doe-2 respectfully requests that this Court allow her to maintain her anonymity as she withdraws from this case and after withdrawal.

Dated:  May 9, 2025                                 Respectfully submitted,

                                                **BOIES SCHILLER FLEXNER LLP**

                                                By: s/ *Adam R. Shaw*
                                                    Adam R. Shaw
                                                    30 South Pearl Street, 12th Floor
                                                    Albany, NY 12207
                                                    Tel: (518) 434-0600
                                                    ashaw@bsfllp.com

                                                    Mark C. Mao
                                                    44 Montgomery St., 41st Floor
                                                    San Francisco, CA 94104
                                                    Tel.: (415) 293-6800
                                                    mmao@bsfllp.com

                                                    Eric M. Palmer
                                                    401 E. Las Olas Blvd., Suite 1200
                                                    Fort Lauderdale, FL 33301
                                                    Tel: (954) 377-4250
                                                    epalmer@bsfllp.com

                                                    Samantha Parrish
                                                    2029 Century Park East, Suite 1520
                                                    Los Angeles, CA 90067
                                                    Tel.: (213) 629-9040
                                                    sparrish@bsfllp.com

**PEM LAW LLP**
Rajiv D. Parikh
Kathleen Barnett Einhorn
Jessica A. Merejo
One Boland Drive, Suite 101
West Orange, New Jersey 07052
Tel: (973) 577-5500
rparikh@pemlawfirm.com
keinhorn@pemlawfirm.com
jmerejo@pemlawfirm.com

**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
John A. Yanchunis (application for admission to be filed)
Ryan J. McGee (application for admission to be filed)
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@ForThePeople.com
rmcgee@ForThePeople.com

*Attorneys for Plaintiffs-Appellees*

## CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Fed. R. App. P. 27(d)(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 2338 words. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Times New Roman.

Dated: May 9, 2025                                         *s/ Adam R. Shaw*
                                                                              Adam R. Shaw

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Third Circuit by using the appellate CM/ECF system on May 9, 2025.

Dated:  May 9, 2025                                                 */s/ Adam R. Shaw*
                                                                                                 Adam R. Shaw